DMP/CRH:EHS/SSA/SAC
F. #2022R00061

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 07 2024 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

KLAUS PFLUGBEIL,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

INFORMATION

Cr. No. **CR24 238**
(T. 18, U.S.C., §§ 981(a)(1)(C),
1832(a)(5), 1834, 2323(b) and 3551 et
seq.; T. 21, U.S.C., § 853(p); T. 28,
U.S.C., § 2461(c))

AZRACK, J.

SHIELDS, M.J.

THE UNITED STATES ATTORNEY CHARGES:

<u>CONSPIRACY TO SEND TRADE SECRETS</u>

1. On or about and between October 22, 2019 and March 19, 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KLAUS PFLUGBEIL, together with others, with intent to convert a trade secret that was related to a product and service used in and intended for use in interstate and foreign commerce, to wit: technology for continuous motion alkaline battery assembly (the "Battery Assembly Trade Secret") belonging to Victim Company-1, an entity the identity of which is known to the United States Attorney, to the economic benefit of one or more persons other than the owner thereof, and intending and knowing that the offense would injure the owner of that trade secret, did knowingly and intentionally conspire to, without authorization, transmit, deliver,

send, and convey the Battery Assembly Trade Secret to an individual located in the Eastern District of New York, contrary to Title 18, United States Code, Section 1832(a)(2).

2.   In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant KLAUS PFLUGBEIL, together with others, did commit and cause the commission of, among others, the following:

## OVERT ACTS

(a)   On or about October 22, 2019, in the same month that Victim Company-1 acquired a Canadian manufacturer of precision dispensing pumps and battery assembly lines (the "Canadian Manufacturer"), which acquisition included trade secrets and proprietary information of the Canadian Manufacturer, co-conspirator Yilong Shao ("Shao") sent PFLUGBEIL an email titled "Proposal- From Shao" with an attachment labeled "Proposal" that contained a proposal to set up a business together.

(b)   On or about October 22, 2019, PFLUGBEIL responded via email to Shao regarding "set[ting]-up" a "company" in Canada and China.  PFLUGBEIL stated, "do you have the full quote from the Canada company?"  PFLUGBEIL attached an Excel document related to planning a joint venture with Shao.

(c)   On or about October 23, 2019, Shao responded via email to PFLUGBEIL.  Attached to Shao's email was a proposal from the Canadian Manufacturer to a Chinese customer of the Canadian Manufacturer, in response to PFLUGBEIL's request for the "full quote" one day earlier.  This proposal was dated July 3, 2019 and contained a detailed quote for purchasing a battery assembly line from the Canadian Manufacturer.  Shao's email also attached a document titled "To Customer," which listed a proposed business ("Business-1"),

operating in Canada and China, with PFLUGBEIL as the President and Shao as the Operations Manager.

(d) On or about November 2, 2019, PFLUGBEIL emailed Shao a draft proposed quote for PFLUGBEIL and Shao's proposed business to send to the Chinese customer of the Canadian Manufacturer, which they attempted to make look like an original quote rather than a copy of the Canadian Manufacturer's quote.

(e) On or about November 2, 2019, PFLUGBEIL stated in an email to Shao that he possessed "original documents" from the Canadian Manufacturer.

(f) On or about November 3, 2019, Shao stated in an email to PFLUGBEIL that he also possessed "original assembly drawings" and "original parts drawing" from the Canadian Manufacturer.

(g) In or about July 2020, PFLUGBEIL joined Business-1, which Shao had previously established.

(h) On or about September 8, 2020, on behalf of Business-1, PFLUGBEIL sent an email to a gear manufacturer (the "Gear Manufacturer"), requesting that the Gear Manufacturer produce several parts and attaching drawings for a number of gears that were drawings of Victim Company-1 technology that were part of the Battery Assembly Trade Secret.

(i) On or about November 15, 2023, PFLUGBEIL sent an email to an undercover law enforcement agent ("UC-1"), while UC-1 was in the Eastern District of New York, containing what PFLUGBEIL called Business-1's "proprietary information" but which contained at least half a dozen drawings related to Victim Company-1's Battery Assembly Trade Secret information.

(j)      On or about January 30, 2024, PFLUGBEIL sent an email to UC-1, while UC-1 was in the Eastern District of New York, containing six drawings related to Victim Company-1's Battery Assembly Trade Secret.

(k)      On or about March 18, 2024, PFLUGBEIL traveled from Hong Kong to the Eastern District of New York.

(l)      On or about March 19, 2024, in the Eastern District of New York, PFLUGBEIL met with undercover agents, including UC-1, to discuss UC-1 purchasing an alkaline battery assembly line based on the Battery Assembly Trade Secret.

(Title 18, United States Code, Sections 1832(a)(5) and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

3.      The United States hereby gives notice to the defendant that, upon his conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Sections 981(a)(1)(C), 1834, and 2323(b), and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit: (a) any article, the making or trafficking of which is prohibited under Title 17, United States Code, Section 506, or Title 18, United States Code, Sections 2318, 2319, 2319A, 2319B, or 2320, or Title 18, United States Code, Chapter 90; (b) any property used, or intended to be used, in any manner or part to commit or facilitate the commission of such offense; and (c) any property constituting or derived from any proceeds obtained directly or indirectly as a result of such offense.

4.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)      cannot be located upon the exercise of due diligence;

   (b)  has been transferred or sold to, or deposited with, a third party;

   (c)  has been placed beyond the jurisdiction of the court;

   (d)  has been substantially diminished in value; or

   (e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2323(b)(2)(A), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

   (Title 18, United States Code, Sections 981(a)(1)(C), 1834, and 2323(b); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

*By Carolyn Pokorny, Assistant US Attorney*

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK